Singh v. Ridge et al                                                                                                          Doc. 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKHDEV SINGH,<br><br>                Petitioner,<br>vs.<br><br>TOM RIDGE, Secretary of the Department of Homeland Security, et al.,<br><br>                Respondents. | CASE NO. 07CV1365  IEG (WMc)<br><br>**ORDER DISMISSING WITH PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>[Doc. No. 1] |

On July 25, 2007, Sukhdev Singh ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), challenging his detention by respondents Tom Ridge, Secretary, Department of Homeland Security; Alberto R. Gonzales, Attorney General; Carol Lam, Director of the Bureau of Immigration and Customs Enforcement's San Diego Field Office; and Roberto Rillamas, Officer-in-Charge (collectively, "respondents").

The Court has received the petition and finds the matter is appropriate for summary disposition. An Immigration Judge ordered petitioner removed to India, where petitioner is a citizen. The Board of Immigration Appeals denied petitioner's appeal, and petitioner has appealed that denial to the Ninth Circuit Court of Appeals. (Petition, at 6.) Petitioner challenges his detention pending the appeal of the removal order. (Id. at 7.) Pursuant to 8 U.S.C. § 1252(b)(9), this Court lacks jurisdiction over a § 2241 petition to review "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any

Dockets.Justia.com

1 action taken or proceeding brought to remove an alien[.]" See <u>Nadarajah v. Gonzales</u>, 443 F.3d

2 1069, 1075-76 (9th Cir. 2006) (confirming that § 1252(b)(9) eliminates federal habeas corpus

3 jurisdiction over final orders of removal). Petitioner's due process challenge to his detention

4 during the pendency of his appeal of the removal order is a constitutional question "arising from"

5 removal proceedings. Petitioner can raise his constitutional claims in the appeal already pending

6 before the Ninth Circuit. 8 U.S.C. § 1252(a)(2)(D); <u>Rafaelano v. Wilson</u>, 471 F.3d 1091, 1096

7 (9th Cir. 2006).

8     Lacking jurisdiction, the Court **DISMISSES WITH PREJUDICE** the petition.

9     **IT IS SO ORDERED.**

11 **DATED: August 8, 2007**

13     _____

14     **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**